Charles Curtis JONES; Aleta Jones,
Plaintiffs–Appellants,

v.

Rhonda W. HARRIS, Individually, as
well as in her official capacity,
Defendant–Appellee.

A.C. Gilless, Jr., Sheriff; Shelby County
Government, Defendants.

No. 01–5317.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before KEITH, KENNEDY, and
BATCHELDER, Circuit Judges.

Charles Curtis Jones and Aleta Jones, Tennessee residents, appeal through counsel the summary judgment for defendant in a civil rights action filed under 42 U.S.C. § 1983. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Charles Curtis Jones (Jones) and his wife filed this complaint against a judicial commissioner, the sheriff of Shelby County, Tennessee, and the county. They sought monetary damages for alleged violations of the husband's civil rights arising when the judicial commissioner had him arrested for criminal impersonation. The county and sheriff were alleged to have violated his rights while he was held in the county jail for several hours following this incident. The district court granted summary judgment to the judicial commissioner, finding that she was entitled to absolute judicial immunity. The claims against the remaining defendants were subsequently voluntarily dismissed without prejudice, and this appeal was filed. Mr. and Mrs. Jones argue that absolute immunity was not available to defendant in this case because she was acting as a prosecutor in having Jones arrested. They also argue that the district court erred in relying on hearsay in defendant's affidavit in support of her motion for summary judgment.

Upon consideration, we conclude that the summary judgment in favor of defendant must be affirmed, as there is no genuine issue of material fact, and she is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The record in this case shows that Jones appeared before defendant on August 18, 1999, for a hearing on a protective order against him requested by his sister. Jones was wearing a police badge at the hearing, and his sister asked defendant to inquire whether Jones was a police officer. Jones said that he was on a special assignment, but could not tell defendant his supervisor's phone number. Defendant called the police department and learned that Jones had been on a medical retirement for ten years. After issuing the protective order in favor of the sister, who then left the courtroom, defendant again questioned Jones about his status, and he maintained that he was on active duty. Defendant told him that she knew that was untrue, at which point Jones admitted that he was retired, but that he wanted his sister to believe otherwise, apparently to intimidate her. Defendant then had Jones arrested on a charge of criminal impersonation. The charge was eventually dismissed.

A judicial officer is entitled to absolute immunity for actions taken in her judicial capacity, unless she is acting in the complete absence of all jurisdiction. *Barnes v. Winchell,* 105 F.3d 1111, 1115–16 (6th Cir. 1997). Jones does not argue that defendant was acting in the complete absence of jurisdiction, as he was before her on a matter within her jurisdiction. Rather, he argues that his arrest was not an action taken in defendant's judicial capacity, but instead an act of prosecution. This court has frequently addressed similar arguments and found them to be without merit. In *Barnes,* the judge had assisted in the preparation of a criminal complaint on a more serious charge than the party had originally faced. The court found the judge entitled to immunity, even though the judge's acts encroached on a prosecutorial function. *Id.* at 1119. The situation in that case was contrasted to cases in which a judge had initiated prosecutions based on private interests, and then passed judgment on them. In such instances, immunity had not applied. *Id.* at 1118–19. In this case, defendant had no personal reason to initiate a prosecution of Jones, whom she had never met before he appeared before her on the protective order. Nor did she rule on the charge, which was turned over to the prosecutor and ultimately dismissed.

Absolute immunity applies in cases in which the judge is performing a judicial action and the parties are dealing with the judge in her judicial capacity. *Cooper v. Parrish,* 203 F.3d 937, 945 (6th Cir.), *cert. denied,* 531 U.S. 877, 121 S.Ct. 185, 148 L.Ed.2d 128 (2000). In *Cooper,* absolute immunity was applied and the judge's action was found to be judicial in nature where he gave prosecutors legal advice to improve their case. The issuance of a bench warrant has also been determined to be a judicial action. *DePiero v. City of Macedonia,* 180 F.3d 770, 784 (6th Cir. 1999), *cert. denied,* 528 U.S. 1105, 120 S.Ct. 844, 145 L.Ed.2d 713 (2000). In the instant case, Jones was appearing before defendant, expecting to deal with her in her judicial capacity, and she was performing a normal judicial function of determining probable cause for his arrest. Because this case is not materially distinguishable from the above authority, defendant was properly found to be entitled to absolute immunity.

Mr. and Mrs. Jones raise a final, frivolous argument on appeal, challenging the district court's reliance on hearsay in defendant's affidavit in support of her summary judgment motion. They requested that the district court ignore defendant's statement concerning what she was told when she telephoned the police department. Even if the statement that Jones was retired was offered for its truth rather than for its effect on defendant's decision,

Jones himself admits that he is retired, and therefore, ignoring that portion of defendant's affidavit would not change any of the facts.

Accordingly, the summary judgment in favor of defendant is affirmed.